UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61159-CIV-DIMITROULEAS
MAGISTRATE JUDGE P. A. WHITE

BEN-SHALOM YISRAEL
AKA DONNIE JACKSON,            :

    Plaintiff,                :

v.                             :        PRELIMINARY REPORT
                                        OF MAGISTRATE JUDGE
SGT GIL,  ET AL.,              :

    Defendants.               :
_____

I. Introduction

    The plaintiff Ben Shalom Yisrael, aka Donnie Jackson, presently confined at the Broward Main Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 [DE# 1], and an amended complaint, [DE#4]. Upon initial screening of the complaint and amended complaint, the plaintiff was ordered to further amend his complaint to state the specific defendants and the violations incurred by each. This Report is before the Court upon the Second Amended complaint filed on September 4, 2009 (DE#8).  The plaintiff names as defendants Sgt. Gil (Charlie Shift), Deputy Ryan (Charlie Shift) and Deputy Campbell (15632). He also names unknown "medical doctors and nurses, dental services and food service".  The plaintiff is permitted to proceed in forma pauperis.  [DE# 4], and an Order Establishing a Debt will be entered.

    The plaintiff alleges that on June 3, 2009, the following incident took place in Unit 7B2 under Sgt. Gil's supervision: Sgt Gil ordered Deputies Ryan and Campbell to assault the plaintiff due to his "responding to a 10-94 for (inmate) Arthur Thompson. This action resulted in the disfigurement of plaintiff's teeth,

permanent injury and need for dental surgery. The plaintiff alleges that disciplinary actions were taken and then dismissed. He further alleges that he was denied dental surgery. He seeks monetary damages.

## II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \*   \*   \*
>
> (B) the action or appeal –
>
> \*   \*   \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are

2

"indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need

3

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964). See Ashcroft v Iqbal, 129 S.Ct. 1937(2009) (Heightened pleading standard when alleging supervisory liability.

### A. Assault by Correctional Officers

An allegation of an unjustified, brutal use of force against an inmate by a guard states a claim under §1983. Perry v. Thompson, 786 F.2d 1093 (11 Cir. 1986). It is not necessary for a prison or jail official to actually participate in the use of excessive force in order to be held liable under §1983, he need only be present at the scene and fail to take steps to protect a victim from a fellow officer's use of excessive force. Fundiller v. City of Cooper City, 777 F.2d 1436, 1441-42 (11 Cir. 1985) ("an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance"); Harris v. Chanclor, 537 F.2d 203, 206 (5 Cir. 1976) ("a supervisory officer is liable under [Section] 1983 if he refuses to intervene where his subordinates are beating an inmate in his presence").

The plaintiff has specifically alleged that Officers Gil, Ryan and Campbell participated in his assault, resulting in his injuries. The plaintiff's short and plain statement is more than

4

sufficient so that the defendants may discern the charges against them and appropriately respond to the complaint. The plaintiff has, therefore, stated a claim upon which relief may be granted against the three named defendants which is sufficient to survive the §1915 screening and Rule 12(b)(6) hurdles. Notices of lawsuit and requests for waiver of service of summons will be sent to the defendants Gil, Ryan and Campbell.

B. <u>Denial of Medical treatment and food service</u>

The plaintiff states that he was denied dental treatment after his injuries. The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102-03 (1976) (quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 173(1976)); <u>see also</u> <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" <u>McElligott v. Foley</u>, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted).

The plaintiff may have an Eighth Amendment claim, however he has failed to name the specific defendant or defendants responsible for the alleged violation. It is the responsibility of the plaintiff to obtain through discovery the names of the person or persons directly responsible for the denial of his dental treatment and the facts relating each defendant to the alleged violation. This claim is insufficient to proceed at this time, however the plaintiff is permitted to file a Proposed Amended Complaint at a later time, upon discovering the required information.

The plaintiff refers to "Food Service", but names no defendants in relation to this claim, nor does he raise any specific allegations related to this claim, and the claim is insufficient to proceed at this time.

### III.   Recommendation

It is therefore recommended that:

1.   The case remain pending as to the defendants Gil, Ryan and Campbell on the claim of battery and assault at the jail; and

2.   The plaintiff may amend his complaint after conducting discovery to name the specific defendants responsible for denial of his dental treatment and the specific actions connecting these defendants to the alleged violations.

3.   The claim stated only as "Food Service" be denied as insufficient to state a claim, unless the plaintiff can include in a subsequent amendment, violations directly related to his pending claims of assault and denial of dental treatment, and the names of specific defendants responsible for the violations.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated at Miami, Florida, this 23rd day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Ben Shalom Yisrael, Pro Se
      No. 500905073
      Broward Main Jail
      Address of record
```